IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEONTRA' DEON JOHNSON,

   Plaintiff,

   v.

BALTIMORE CITY,

   Defendant.

Civil Action No.: SAG-21-393

**MEMORANDUM**

In this complaint dated January 28, 2021, and received February 18, 2021, plaintiff Deontra' Deon Johnson raises a claim of false arrest in connection with his arrest on attempted first degree murder charges on October 10, 2018. ECF 1 at 1. Johnson includes a request[1] to proceed in forma pauperis which shall be granted. *Id*. at 3-4. For the reasons noted below, the complaint must be dismissed.

Johnson states that he was arrested on October 10, 2018, four and one-half hours after a shooting which occurred one-block from his location. ECF 1 at 1. He states he was acquitted on first-degree attempted murder charges in the Circuit Court for Baltimore City. His arrest was precipitated by a "DNA search & seizure warrant" obtained by Baltimore City Police Detective Valentine Nagovich which was used to connect Johnson to a gun that was unrelated to the shooting. *Id*. Johnson states that the warrant was "obtained and acted upon" approximately three and one-half months after his arrest; the warrant was not signed by a judge; and it "was admitted into evidence to convict [him] for a gun possession charge that clearly had nothing to do with the shooting." *Id*. at 1-2. He states he was acquitted of the attempted murder because the victim's

---

[1] Although captioned as a motion to proceed in forma pauperis, Johnson's request was not docketed as a separate motion.

testimony was inconsistent with the events as they allegedly occurred and with the description of the suspect. *Id*. at 2.

Charges of attempted first-degree murder, first and second-degree assault, second degree murder, reckless endangerment, use of a firearm in a violent felony, possession of a firearm by a convicted felon, possession of a firearm, illegal possession of a regulated firearm, wearing or carrying a handgun on person, illegal possession of ammunition, and discharging a firearm were filed against Johnson in the Circuit Court for Baltimore City on November 5, 2018. *See State v. Johnson*, Case 118309009 (Balt. Cty. Cir. Ct. 2018).[2]  On June 10, 2019, Johnson was acquitted on all charges except for the charges of possession of a regulated firearm by a prohibited person, wearing or carrying a handgun on person concealed or openly, and illegal possession of ammunition for which he was sentenced on July 8, 2019 to serve a total of three years. *Id*., *see also Johnson v. State*, 2020 WL 5248489 (Ct. Spec. App. Sept. 3, 2020).

In affirming Johnson's convictions the Court of Special Appeals noted that Johnson "was arrested in the 3500 block of Pulaski Highway the day after [a shooting that occurred in the 100 block of North Highland Street] when he dropped a backpack that contained a loaded handgun while fleeing from the police." *Johnson*, 2020 WL 5248489 at *1.  The appellate court disagreed with Johnson's claim on appeal that the trial court "abused its discretion in allowing the State to amend the indictment to change the location of the handgun offenses." *Id*.  The court also noted that "the evidence as it related to the handgun-related offenses was strong as the handgun was found in a backpack that Mr. Johnson had been seen carrying before he fled from the police and DNA found on the handgun matched Mr. Johnson's." *Id*. at *2.

---

[2]  *See* http://casesearch.courts.state.md.us/casesearch/ (last visited Feb. 19, 2021).

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Maryland Court of Special Appeals' opinion affirming Johnson's conviction is subject to judicial notice.

In order to state a claim under § 1983 for false arrest, Johnson must show that his arrest was made without probable cause.  *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974).  Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017).  A probable cause determination is governed by a totality of the circumstances test.  *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Munday*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988).  Whether probable cause to arrest exists is based on information the police had at the time of the arrest.  *See Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *United States v. Johnson*, 599 F.3d 339, 346 (4th Cir. 2010).  A warrantless arrest in a

public place may be made when the arresting officers have probable cause to believe that the suspect has committed, is committing, or is about to commit a crime.  *See Beck*, 379 U.S. at 91 (probable cause exists if "at that moment the facts and circumstance within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."); *Santos*, 725 F.3d at 466; *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *Johnson*, 599 F.3d at 346.

While Johnson was acquitted on some of the charges for which he was arrested, he was convicted on charges related to the illegal possession of a firearm.  The circumstances of his arrest, as described by the Maryland Court of Special Appeals, erases any doubt that probable cause existed for his arrest, thus defeating his claim for false arrest.  The complaint therefore fails to state a claim upon which relief may be granted and shall be dismissed on that basis by separate order which follows.

February 19, 2021                                    /s/
Date                                                 Stephanie A. Gallagher
                                                     United States District Judge